# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | |
|---|---|
| Peter F. Wingard<br>Netlatch, LLC<br>          Plaintiffs,<br><br>vs.<br><br>Orr Hyundai of Texarkana<br>Hyundai Motor America<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action File No.: 5:14-cv-151<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiffs Peter F. Wingard and Netlatch, LLC ("Plaintiffs") hereby file this Complaint against Orr Hyundai of Texarkana ("Orr Hyundai"), and Hyundai Motor America ("Hyundai") (collectively "Defendants") and respectfully allege as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff Peter F. Wingard is a resident of Georgia.

2.

Netlatch, LLC is a limited liability company formed under the laws of Florida, having a principal place of business at 1061 OakPointe Place, Dunwoody, GA 30338.

3.

Upon information and belief, Defendant Orr Hyundai located at 2300 St. Michael Dr., Texarkana, TX 75503 has done business in the Eastern District of Texas at all times material hereto.

4.

Upon information and belief, Hyundai is a corporation having a principal place of business at 10550 Talbert Avenue, PO Box 20850, Fountain Valley, CA 92728-0850. Hyundai is engaged in the business of importing, manufacturing, and/or selling motor vehicles to a network of Hyundai dealers and distributors with locations throughout the country.

5.

This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*

6.

Subject matter jurisdiction in this Court is proper under 28 U.S.C. §§ 1331, 1338(a).

7.

Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400.

8.

The Court has personal jurisdiction over Orr Hyundai *inter alia* because Orr Hyundai resides in this district and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

9.

The Court has personal jurisdiction over Hyundai *inter alia* because a substantial part of the events or omissions giving rise to the claim occurred in this District

**FACTUAL BACKGROUND**

10.

Wingard pioneered the technology behind keyless ignition systems.

11.

Keyless ignition systems enable engines in vehicles to be started with the use of coded key and in some instances without inserting the coded key in the ignition. Generally, keyless ignition is achieved when a "key fob" transmits a unique code to a car's receiver and the unique code transmitted by the key fob matches the unique code stored on the car's memory.

12.

On June 25, 1996, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 5,530,431 ("the '431 patent"), entitled "Anti-Theft

Device For Protecting Electronic Equipment" to. Wingard. A true and correct copy of the '431 Patent is attached as Exhibit A.

13.

The '431 Patent is directed to apparatuses and methods for providing security for electronic equipment. In particular, the '431 Patent is directed to methods and apparatuses to secure electronic equipment by configuring the electronic equipment to power up only in the presence of a unique code transmitted to the electronic equipment from an external source.

14.

Wingard has been at all relevant times up to July 28, 2014, the owner of all rights, title, and interest in the '431 Patent. On July 28, 2014, Wingard assigned the '431 patent to Netlatch, LLC.

## COUNT I: PATENT INFRINGEMENT
## (U.S. PATENT NO. 5,530,431)

15.

Plaintiffs reassert and incorporate by reference the allegations contained in Paragraphs 10 through 14 of its Complaint.

16.

The '431 Patent is valid.

17.

The '431 Patent is enforceable.

18.

Upon information and belief, Defendants make, use, sell, offer to sell, and/or imports vehicles incorporating keyless ignition systems (i.e., systems that enable engines in vehicles to be started with the use of a coded key, which may or may not be inserted into an ignition).

19.

Upon information and belief, Orr Hyundai uses, sells, offers to sell, and/or imports vehicles incorporating keyless ignition systems (i.e., systems that enable engines in vehicles to be started with the use of a coded key, which may or may not be inserted into an ignition) (hereinafter, "Accused Orr Hyundai Products"). For example, upon information and belief, Orr Hyundai uses, sells, offers to sell, and/or imports vehicles incorporating keyless ignition systems under the names Smart Entry, Keyless Access system, Keyless Entry System, Push Button Start, Proximity Key entry with push button start, or names of like import.

20.

Upon information and belief, Hyundai makes, uses, sells, offers to sell, and/or imports vehicles incorporating keyless ignition systems (i.e., systems that enable engines in vehicles to be started with the use of a coded key, which may or may not be inserted into an ignition) (hereinafter, "Accused Hyundai Products"). For example, upon information and belief, Hyundai makes, uses, sells, offers to sell, and/or imports vehicles incorporating keyless ignition systems under the

names Smart Entry, Keyless Access system, Keyless Entry System, Push Button Start, Proximity Key entry with push button start, or names of like import.

21.

Upon information and belief, the Accused Orr Hyundai Products and Accused Hyundai Products embody and/or practice the '431 Patent's claimed apparatus, system, and/or method for providing security for electronic equipment.

22.

Defendants Orr Hyundai and Hyundai have infringed, and are continuing to infringe, the '431 Patent by making, using, importing, selling and/or offering to sell the Accused Orr Hyundai Products and Accused Hyundai Products, respectively, within the United States, and/or by contributing to and/or inducing such infringement.

23.

For example, on information and belief, Orr Hyundai uses, imports, sells and/or offers to sell within the United States infringing products incorporating keyless ignition systems, including without limitation, the Accused Orr Hyundai Products.

24.

On information and belief, Hyundai makes, uses, imports, sells and/or offers to sell within the United States infringing products incorporating keyless ignition systems, including without limitation, the Accused Hyundai Products.

25.

Upon information and belief, by making, using, importing, selling, and/or offering to sell the Accused Orr Hyundai Products and Accused Hyundai Products in the United States, Defendants Orr Hyundai and Hyundai, respectively, with specific intent, have actively induced others to infringe the '431 Patent under 35 U.S.C. § 271(b).

26.

For example, Hyundai has actively induced, its dealers, its dealers' customers, and other purchasers of Hyundai vehicles such as Orr Hyundai to infringe the '431 Patent by making, importing, selling, and/or offering to sell the Accused Hyundai Products.

27.

For example, Orr Hyundai has actively induced its customers to infringe the '431 Patent by importing, selling, and/or offering to sell the Accused Orr Hyundai Products for or to its customers.

28.

Upon information and belief, an Accused Orr Hyundai Product and Accused Hyundai Product constitutes a material part of the invention claimed in the '431 Patent.

29.

Upon information and belief, Defendants Orr Hyundai and Hyundai have both the knowledge and intent that the Accused Orr Hyundai Products and Accused Hyundai Products, respectively, that it makes, uses, imports, sells, and/or offers to sell in the United States will be used in an infringing manner, and Defendants Orr Hyundai and Hyundai encourage and promote the Accused Orr Hyundai Products and Accused Hyundai Products, respectively, to be used in an infringing manner.

30.

For example, Hyundai has both the knowledge and intent that the Accused Hyundai Products that it makes, uses, imports, sells, and/or offers to sell in the United States will be used in an infringing manner and encourages and promotes the Accused Hyundai Products to be used by its dealers, its dealers' customers, and other purchasers of Hyundai vehicles such as Orr Hyundai in an infringing manner.

31.

For example, Orr Hyundai has both the knowledge and intent that the Accused Orr Hyundai Products that it uses, imports, sells, and/or offers to sell in the United States will be used in an infringing manner and encourages and promotes the Accused Orr Hyundai Products to be used by its customers in an infringing manner.

32.

Upon information and belief, Defendants Orr Hyundai and Hyundai are making, using, importing, selling, and/or offering to sell in the United States the Accused Orr Hyundai Products and the Accused Hyundai Products, respectively, with knowledge that (1) the Accused Orr Hyundai Products and Accused Hyundai Products, respectively, are especially made or especially adapted for use in an infringement of the '431 Patent, and (2) the Accused Orr Hyundai Products and Accused Hyundai Products, respectively, are not staple articles or commodities of commerce suitable for noninfringing use.

33.

For example, upon information and belief, Defendant Hyundai is making, using, importing, selling, and/or offering to sell in the United States the Accused Hyundai Products to or for its dealers, its dealers' customers, and other purchasers of Hyundai vehicles such as Orr Hyundai with knowledge that (1) the Accused Hyundai Products are especially made or especially adapted for use in an infringement of the '431 Patent, and (2) the Accused Hyundai Products are not staple articles or commodities of commerce suitable for noninfringing use.

34.

For example, upon information and belief, Defendant Orr Hyundai is using, importing, selling, and/or offering to sell in the United States the Accused Orr Hyundai Products to its customers with knowledge that (1) the Accused Orr

9

Hyundai Products are especially made or especially adapted for use in an infringement of the '431 Patent, and (2) the Accused Orr Hyundai Products are not staple articles or commodities of commerce suitable for noninfringing use.

35.

Orr Hyundai and Hyundai are therefore liable as a contributory infringer under 35 U.S.C. § 271(c).

36.

Upon information and belief, Orr Hyundai had actual knowledge of the '431 Patent before the filing of this Complaint. More specifically, on or about November 1, 2013, Plaintiff Wingard sent a letter to Orr Hyundai informing Orr Hyundai of its infringement of the '431 Patent.

37.

Upon information and belief, Hyundai had actual knowledge of the '431 Patent before the filing of this Complaint.

38.

Upon information and belief, Defendants' acts of direct and/or indirect infringement of the '431 Patent are and have been willful, have caused and will continue to cause Plaintiffs to suffer substantial damages, and have caused and will continue to cause Plaintiffs to suffer irreparable harm unless Defendants are permanently enjoined from continuing its infringement.

39.

Plaintiffs have no adequate remedy at law.

40.

Plaintiffs seek (1) damages adequate to compensate it for Defendants' infringement of the '431 Patent, (2) treble damages; (3) attorneys' fees; (4) cost; and (5) a preliminary and thereafter permanent injunction.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray for the following relief against Defendants:

(a) a judgment that Defendants infringed the '431 Patent;

(b) that Defendants are preliminarily and permanently enjoined from further infringement pursuant to 35 U.S.C. § 283;

(c) that Defendants be ordered pursuant to 35 U.S.C. § 284 to account to and pay Plaintiffs for the actual damages suffered by Plaintiffs as a result of Defendants' acts of infringement of the '431 Patent;

(d) That Defendants be ordered to pay Plaintiffs treble damages pursuant to 35 U.S.C. §284;

(e) That Defendants be ordered to pay prejudgment interest pursuant to 35 U.S.C. §284;

(f) That Defendants be ordered to pay all costs associated with this action pursuant to 35 U.S.C. §284;

(g) That Defendants be ordered to pay Plaintiffs' attorneys' fees pursuant to 35 U.S.C. §285; and

(h) That Plaintiffs are granted such other and additional relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable as of right and plead in this case.

Respectfully submitted this 2nd day of December, 2014.

/s/ Charlena Thorpe
Charlena L. Thorpe
Georgia Bar No. 760954
charlena.thorpe@charlenathorpe.com
THE LAW OFFICE OF CHARLENA
THORPE, INC.
2180 Satellite Boulevard
Suite 400
Duluth, GA 30097
Tel: 770-239-1642
Fax: 888-898-3784

*Attorney for Plaintiffs*

# EXHIBIT A